UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PENN ENGINEERING & MANUFACTURING
CORP and HEYCO PRODUCTS CORP,

          Plaintiffs,

   v.

                                Case No. 25-cv-0467-bhl

THOMAS MARSDEN and HELLERMANNTYTON
CORP,

          Defendants.

## ORDER SEALING EXHIBITS AND PORTIONS OF THE EVIDENTIARY HEARING TRANSCRIPTS

      On March 28, 2025, Plaintiffs Penn Engineering & Manufacturing Corp. and Heyco Products Corp. (collectively, "Penn Engineering") commenced this action against Defendants Thomas Marsden and HellermannTyton Corp. (ECF No. 1.) On April 9, 2025, Penn Engineering filed an amended complaint and a motion for a temporary restraining order and preliminary injunction. (ECF Nos. 4 & 5.) Penn Engineering's claims involve its former employee, Marsden, allegedly stealing confidential trade secrets in February 2025 and giving them to its competitor, HellermannTyton, in violation of both state and federal law and in breach of his contract with Penn Engineering. (ECF No. 4 ¶¶44–113.) On April 30, 2025, upon a joint motion by the parties, the Court entered a protective order, and the parties have conducted expedited discovery in advance of an Evidentiary Hearing held on July 16 and 17, 2025. (ECF Nos. 25, 26, 28, 29, 31, 51, 52.) At the close of the Evidentiary Hearing, the Court ordered Penn Engineering to file any motion to seal exhibits containing confidential information by the end of day July 17, 2025 and directed the parties to file a joint status report identifying any portions of the transcripts that should be sealed within 14 days of receiving the transcripts. (ECF No. 52.)

      In compliance with the Court's order, the parties have made several filings. Penn Engineering has filed a motion to restrict exhibits, the parties have filed a joint status report identifying portions of the transcript they contend should be sealed, and HellermannTyton has filed

a motion to restrict an exhibit. (ECF Nos. 53, 58, 59.) This order addresses restricting access to documents as suggested in the parties' filings.

As an initial matter, documents filed with the Court and hearing transcripts are presumed to be public materials. *See GEA Grp. AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 419–20 (7th Cir. 2014). In civil litigation, only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence, are entitled to be kept secret. *Baxter Intern., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 546 (7th Cir. 2002). When a party asks the Court to seal a document on grounds that it contains trade secrets, the party must identify and explain why each document should be sealed. *Id.* at 548.

With this guidance in mind, the Court first addresses Penn Engineering's motion to restrict. (ECF No. 53.) Penn Engineering asserts that the native spreadsheet attachment of Exhibit 11, Exhibit 12, Exhibit 13, Exhibit 14, the native spreadsheet attachment of Exhibit 15, Exhibit 16 (including all attachments), Exhibit 17, and Exhibits 26–42 should be sealed. (*Id.* ¶8.) To support sealing, Penn Engineering points to the nature of the allegations (misappropriation of trade secrets) and the confidential designation of these exhibits. (*Id.* at 7–8.) Penn Engineering also explains that every document contains what it believes to be trade secrets and that disclosure would damage its competitive interests. (*Id.* ¶9.)

The Court concludes that Penn Engineering has met its burden and will grant its motion to seal. Penn Engineering has provided valid reasons for sealing the documents (they involve alleged trade secrets). *See Baxter Intern.*, 297 F.3d at 548. While Marsden objects to sealing Exhibit 13, (ECF No. 55 at 2), that objection is overruled. Marsden argues that Exhibit 13 does not contain trade secrets and that the information in the document never belonged to Penn Engineering and was publicly available. (*Id.* at 3–4.) Penn Engineering has explained, however, that the exhibit contains links to its confidential leads as well as information about its specific customers and products information, all of which are trade secrets that give it a competitive advantage. (ECF No. 60 ¶7.) The record shows that Exhibit 13 contains information about Penn Engineering's customers, products, and leads—data that is not normally made known to the public and therefore may be properly filed under seal. *See Formax Inc. v. Alkar-Rapidpak-MP Equipment, Inc.*, 2013 WL 2452703, at *1 (E.D. Wis. June 5, 2013). Sealing is appropriate if disclosure gives other firms an unearned competitive advantage simply because the parties got caught up in litigation. *SmithKline Beecham Corp. v. Pentech Pharm., Inc.*, 261 F.Supp.2d 1002, 1008 (N.D. Ill. 2003).

The Court finds that Penn Engineering supplied sufficient reason that sealing is warranted, given that disclosure could give firms an unwarranted competitive advantage over it.

The Court next considers HellermannTyton's motion to restrict. (ECF No. 59.) HellermannTyton seeks to restrict Exhibit 62, its offer letter to Marsden. (*Id.* ¶8.) It explains that the letter contains its compensation structure and the terms it uses to negotiate with potential employees, which could harm its interests if leaked to competitors. (*Id.* ¶9.) Penn Engineering does not object to this request and the Court will grant this motion as well. HellermannTyton has offered sufficient explanation to support the conclusion that other firms would gain an unfair competitive advantage if this information were leaked to the public. *See SmithKline Beecham Corp.*, 261 F.Supp.2d at 1008.

Last, the parties ask that Transcript Vol. 1 at pages 72:7, 173:17, and 205:19–22, be redacted for containing confidential trade secret information that is otherwise not publicly available. (ECF No. 58 ¶¶4–5.) The Court will grant this request too. Given the context of the litigation, the issues surrounding trade secrets, and the limited request for redactions, restricting access to these limited portions of the hearing transcripts is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Restrict, ECF No. 53, be **GRANTED**. The native spreadsheet attachment of Exhibit 11, Exhibit 12, Exhibit 13, Exhibit 14, the native spreadsheet attachment of Exhibit 15, Exhibit 16 (including all attachments), Exhibit 17, and Exhibits 26–42 will all be filed under seal.

**IT IS FURTHER ORDERED** that HellermannTyton's Motion to Restrict, ECF No. 59, be **GRANTED**. Exhibit 62 will be filed under seal.

**IT IS FURTHER ORDERED** that Transcript Vol. 1 be filed with redactions at pages 72:7, 173:17, and 205:19–22, and that an unredacted version be filed under seal.

Dated at Milwaukee, Wisconsin on September 5, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge